UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CIT Bank, N.A.,

                         Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           14-CV-6610(JS)(ARL)
ANTHONY BUONO, MARY ELLEN BUONO,
CAPITAL ONE BANK, and JOHN DOE,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:            Allison J. Schoenthal, Esq.
                          Allison M. Funk, Esq.
                          Nicole E. Schiavo, Esq.
                          Priya Swaminathan, Esq.
                          Hogan Lovells US LLP
                          875 Third Avenue
                          New York, NY 10022

                          Steven Rosenfeld, Esq.
                          Gross Polowy LLC
                          1775 Wehrle Dr., Suite 100
                          Williamsville, NY 14221

For Defendants:
Anthony and
Mary Ellen Buono         Michal Falkowski, Esq.
                         Paykin, Richland & Falkowski, P.C.
                         350 5th Avenue, 59th Floor
                         New York, NY 10118

Capital One Bank         No appearance

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge Arlene R.

Lindsay's Report and Recommendation ("R&R") recommending that this

Court grant plaintiff CIT Bank, N.A.'s ("Plaintiff") motion for

default judgment against defendant Capital One Bank ("Capital

One").[1]  (R&R, Docket Entry 52.)  For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

## BACKGROUND

On November 10, 2014, Plaintiff commenced this foreclosure action against defendants Anthony Buono and Mary Ellen Buono (collectively, the "Buonos"), Capital One, and John Doe. (See generally Compl.)  The Complaint alleges that Capital One is the "holder of a lien encumbering the property, which is subject and subordinate to Plaintiff's mortgage."  (Compl. ¶ 5.)  Capital One has not appeared in this action.  The Clerk of the Court entered a certificate of default against Capital One on March 30, 2015.  (Docket Entry 19.)

On October 14, 2015, Plaintiff moved for the entry of a default judgment against Capital One.  (Pl.'s Mot.)  Plaintiff's motion also requests that the Court strike John Doe from the caption and discontinue the action against him without prejudice. (Pl.'s Mot.)  Plaintiff alleges that defendant John Doe was not served with the Summons and Complaint and is not a necessary party. (Pl.'s Aff., Docket Entry 34, ¶ 10.)

---

[1] As addressed infra, Plaintiff also requests that defendant John Doe be stricken from the caption and its claims against him be discontinued without prejudice.  (Pl.'s Mot., Docket Entry 33.) While the R&R does not expressly address Plaintiff's request with respect to defendant John Doe, the R&R recommends that Plaintiff's motion be granted in its entirety.  (R&R at 3.)

On April 6, 2016, the undersigned referred Plaintiff's motion to Judge Lindsay for an R&R on whether the motion should be granted. (Docket Entry 50.) On July 27, 2016, Judge Lindsay issued her R&R recommending that Plaintiff's motion be granted and judgment be entered precluding Capital One from asserting its right under its lien after the Notice of Pendency of this action is filed. (R&R, at 3.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Lindsay's R&R (Docket Entry 52) is ADOPTED in its entirety. Plaintiff's motion for default (Docket Entry 33) is GRANTED. Capital One is barred from asserting its right under its lien after the Notice of Pendency of this action is filed, and Plaintiff's claims against John Doe are discontinued without prejudice. The Clerk of the Court is directed to TERMINATE John Doe as a defendant in this action.

Plaintiff is directed to serve Capital One with a copy of this Memorandum and Order and file proof of service on ECF.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August __29__, 2016
         Central Islip, New York