```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CIT BANK, N.A.,

                         Plaintiff,

         -against-                              MEMORANDUM & ORDER
                                                14-CV-6610(JS)(ARL)
ANTHONY BUONO, MARY ELLEN BUONO, and
CAPITAL ONE BANK,

                         Defendants.
----------------------------------------X
```
APPEARANCES
For Plaintiff:     Allison J. Schoenthal, Esq.
                   Allison M. Funk, Esq.
                   Nicole E. Schiavo, Esq.
                   Priya Swaminathan, Esq.
                   Hogan Lovells US LLP
                   875 Third Avenue
                   New York, New York 10022

                   Steven Rosenfeld, Esq.
                   Stephen J. Vargas, Esq.
                   Gross Polowy LLC
                   1775 Wehrle Drive, Suite 100
                   Williamsville, New York 14221

For Defendants:
Anthony and
Mary Ellen Buono   Michal Falkowski, Esq.
                   Paykin, Richland & Falkowski, P.C.
                   350 5th Avenue, 59th Floor
                   New York, New York 10118

Capital One Bank   No appearance

SEYBERT, District Judge:

          Currently before the Court is plaintiff CIT Bank, N.A.'s ("Plaintiff") motion to (1) vacate the Judgment of Foreclosure and Sale pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6); (2) voluntarily dismiss the action pursuant to Federal Rule of

Civil Procedure 41(a)(2); and (3) cancel the Notice of Pendency of Action filed with the Office of the Clerk of Suffolk County on December 15, 2014, and with this Court on November 2, 2017, pursuant to Section 6514(a) of New York Civil Practice Laws and Rules. (See generally Pl.'s Mot., D.E. 73.) Defendants have not opposed the motion. For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND

On November 10, 2014, Plaintiff, assignee and holder of the note and mortgage, commenced this foreclosure action against defendants Anthony Buono and Mary Ellen Buono (together, the "Buonos") and Capital One. (See generally Compl., D.E. 1.) The Complaint alleges that in November 2007, the Buonos obtained a mortgage loan in the amount of $857,500 to purchase the property located at 21 Saints Orchard Road, Belle Terre, New York 11777. (Compl. ¶ 11.) The Buonos defaulted on the mortgage loan in April 2014 and failed to cure or make any payments. (Compl., ¶¶ 14-15.)

After motion practice, Magistrate Judge Arlene R. Lindsay issued a report and recommendation ("R&R") recommending that the Court award Plaintiff a Judgment of Foreclosure and Sale against the Buonos under the supervision of a Referee to be selected by the undersigned. (R&R, D.E. 62, at 1.)

By Memorandum and Order ("M&O") dated March 31, 2018, the Court adopted Judge Lindsay's R&R, appointed a Referee, and

2

granted in part and denied in part Plaintiff's motion for a Judgment of Foreclosure and Sale. (M&O, D.E. 64.) On March 31, 2018, the Court issued a modified Order of Judgment of Foreclosure and Sale (the "Judgment of Foreclosure and Sale") and awarded Plaintiff damages against the Buonos. (J. of Foreclosure & Sale, D.E. 66.) By letter dated August 29, 2018, Plaintiff informed the Court that defendant Anthony C. Buono initiated a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the Eastern District of New York and that enforcement of the Judgment of Foreclosure and Sale was automatically stayed. (Aug. 29 Letter, D.E. 72.) On October 26, 2018, the bankruptcy action was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1) thereby lifting the automatic stay.[1] See Oct. 26, 2018 Order, Case No. 18-BK-75745 (Bankr. E.D.N.Y.); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1693, 191 L. Ed. 2d 621 (2015) ("Dismissal [of Chapter 13 proceeding] lifts the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts.").

On August 16, 2019, Plaintiff filed this motion requesting that the Court vacate the Judgment of Foreclosure and

---

[1] Counsel did not inform the Court that Anthony C. Buono's bankruptcy case was dismissed. Nonetheless, the Court takes judicial notice of court records for purposes of this motion. Vaughn v. Consumer Home Mortg. Co., 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("[C]ourts may take judicial notice of court records.").

3

Sale pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) because Plaintiff "accepted [ ] Defendants' 'deed in lieu of foreclosure' in satisfaction of the mortgage debt, which settled the case and nullified the Default Judgment of Foreclosure and Sale." (Rosenfeld Decl., D.E. 74, ¶ 3.)

DISCUSSION

I. Standard of review

Federal Rule of Civil Procedure 60(b)(5) permits the Court to relieve a "party . . . from a final judgment, order, or proceeding [when] . . . the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," where the motion has been made within a "reasonable time." Eastern Savings Bank, FSB v. Strez, 320 F.R.D. 9, 10 (E.D.N.Y. 2017) (citing FED. R. CIV. P. 60(b)(5) & (c)(1)) (second and third alteration in original). "The elapse of time . . . is a less significant consideration where adverse interests join in the application." Id. Pursuant to Federal Rule of Civil Procedure 60(b)(6), a Court may also relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." Relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is appropriate only in "extraordinary circumstances, or extreme hardship." See DeCurtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting Harris v. United States, 367 F.3d 74, 81 (2d

4

Cir. 2004)). The proper application of Federal Rule of Procedure 60(b), generally, "strikes a balance between serving the ends of justice and preserving the finality of judgments." Reese v. Bahash, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

Moreover, the Second Circuit cautions Courts against vacating judgments following settlement as a matter of course. See Eastern Savings Bank, 320 F.R.D. at 11 (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994) and Mfrs. Hanover Trust Co. v. Yanakas, 11 F.3d 381, 385 (2d Cir. 1993)); Rana v. Islam, No. 14-CV-1993, 2019 WL 2225847, at *1 (S.D.N.Y. May 23, 2019). When determining whether to vacate a judgment following a settlement, a court must carefully balance "'the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law.'" Eastern Savings Bank, 320 F.R.D. at 11 (quoting Jewelers Vigilance Comm., Inc. v. Vitale, Inc., 177 F.R.D. 184, 186 (S.D.N.Y. 1998)).

II. Plaintiff's Motion to Vacate the Judgment of Foreclosure

Plaintiff requests, and Defendants do not oppose,[2] that the Court vacate the Judgment of Foreclosure and Sale because

---

[2] The Buonos are represented by counsel.

Plaintiff "accepted [ ] Defendants' 'deed in lieu of foreclosure'[3] in satisfaction of the mortgage debt, which settled the case and nullified the Default Judgment of Foreclosure and Sale." (Rosenfeld Decl., ¶ 3.) The Court, in balancing the parties' settlement (by way of acceptance of the deed in lieu of foreclosure) against the public interest in the finality of judgments, finds that the scales tip in favor of granting Plaintiff's motion to vacate the Judgment of Foreclosure and Sale. Here, Plaintiff accepted Defendants' deed in lieu of foreclosure in satisfaction of the mortgaged premises which in effect "nullified" the Judgment of Foreclosure and Sale. (Rosenfeld Decl., ¶ 3.) Accordingly, proactively applying the Judgment of Foreclosure and Sale "is no longer equitable." Eastern Savings, 320 F.R.D. at 11.

Further, in context of foreclosure actions, few public policy concerns are implicated, if any, that would "ordinarily militate against permitting settling parties to contract around a

---

[3] "The giving of a deed in lieu of foreclosure by the owner of the property is a form of settlement." 3 Bergman on New York Mortgage Foreclosures § 24.08 (2019). However, "there is no requirement . . . requiring [the] plaintiff [mortgagee] to accept a deed in lieu of foreclosure." Albany Sav. Bank, F.S.B. v. Novak, 574 N.Y.S.2d 140, 141, 151 Misc. 2d 956, 957 (Sup. Ct. 1991). Generally, "an experienced and careful lender will only rarely find the acceptance of a deed in lieu of foreclosure to be an appropriate avenue for settling or concluding a foreclosure action." 3 Bergman on New York Mortgage Foreclosures § 25.09 (2019).

litigated judgment" because here, "decisional law [is] hardly advanced." Eastern Savings, 320 F.R.D. at 11 (explaining that public policy concerns that favor the finality of judgments focus on the "judicial proceedings and the collateral impacts such absence of finality might have on the development of decisional law," which are not typically at issue in a foreclosure action.)

Finally, "[n]othing before the Court suggests that the parties are attempting to 'game the system' in some fashion." Eastern Savings, 320 F.R.D. at 11 (quoting Am. Home Assur. Co. v. Kuehne & Nagel, No. 06-CV-6389, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010)). Indeed, Plaintiff, the party seeking vacatur and dismissal, originally sought the Judgment of Foreclosure and Sale and can only benefit from continued enforcement of the Judgment of Foreclosure and Sale. U.S. Bank Tr., N.A. v. Toney, No. 17-CV-5516, 2019 WL 3779876, at *3 (E.D.N.Y. Aug. 12, 2019). Further, no party has opposed Plaintiff's motion nor has any party requested relief from the Judgment of Foreclosure and Sale. See Eastern Savings, 320 F.R.D. at 11; Toney, 2019 WL 3779876, at *3; Rana, 2019 WL 2225847, at *2 ("[T]he fact that [the adverse party] does not oppose relief from the judgment weighs in favor of vacatur.").

The Court therefore GRANTS Plaintiff's motion to vacate the Judgment of Foreclosure and Sale. See Eastern Savings Bank, 320 F.R.D. at 11–12 (granting plaintiff's motion to vacate the judgment of foreclosure and sale pursuant to Rule 60(b)(5) where

7

the parties entered into settlement after judgment); <u>Nationstar Mortg. LLC v. Laffrey</u>, No. 16-CV-0280, 2017 WL 6498098, at *1 (N.D.N.Y. Mar. 27, 2017) (granting plaintiff's motion to vacate judgment of foreclosure and sale after the parties settled the action through a "deed in lieu of foreclosure" pursuant to Federal Rule of Civil Procedure 60(b)).

III. <u>Plaintiff's Motion to Cancel the Notice of Pendency</u>

Plaintiff also asks the Court to cancel the Notice of Pendency of Action that was filed with the Office of the Suffolk County Clerk on December 15, 2014 (<u>see</u> D.E. 14), and with this Court on November 2, 2017 (<u>see</u> D.E. 61), pursuant to Section 6514(a) of the New York Civil Practice Laws and Rules.

Section 6514(a) of the New York Civil Practice Laws and Rules permits the Court to "direct any county clerk to cancel a notice of pendency . . . if the action has been settled, discontinued or abated." N.Y. C.P.L.R. § 6514(a); <u>Toney</u>, 2019 WL 3779876, at *3 (collecting cases). Accordingly, the Notice of Pendency shall be canceled in consideration of Plaintiff's acceptance of Defendants' deed in lieu of foreclosure. <u>See</u> <u>id.</u>; <u>Nationstar Mortgage LLC v. Fernandez</u>, No. 17-CV-0404, 2018 WL 3424452, at *1 (E.D.N.Y. Mar. 20, 2018) (vacating judgment of foreclosure of sale, dismissing the action, and cancelling the notice of pendency filed in the county clerk's office where defendant satisfied the judgment of foreclosure and sale).

IV. <u>Plaintiff's Voluntary Dismissal</u>

Because the Court finds vacatur appropriate, and in light of the parties' settlement, the Court GRANTS Plaintiff's request to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2). (Rosenfeld Decl., ¶ 1); FED. R. CIV. P. 41(a)(2) (permitting the Court, upon Plaintiff's request, to enter an order dismissing the case "on terms that the court considers proper," without prejudice unless stated otherwise).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion (D.E. 73) is GRANTED and the Judgment of Foreclosure and Sale, entered March 31, 2018 (D.E. 66), is VACATED.

The Referee, Thomas J. Stock, Esq., who was appointed to sell the Property at public auction pursuant to the Judgment of Foreclosure and Sale is DISCHARGED and RELIEVED of any and all obligations and requirements thereunder.

Pursuant to Section 6514(a) of the New York Civil Practice Laws and Rules, the County Clerk of Suffolk County is DIRECTED, upon payment of proper fees, if any, to cancel and discharge the Notice of Pendency filed in the Office of the Suffolk County Clerk on December 15, 2014 and in this Court on November 2, 2017, and said Clerk is DIRECTED to enter upon the margin of the record of the same a Notice of Cancellation referring to this Order.

The Clerk of Court is directed to VACATE the March 31, 2018 Judgment of Foreclosure and Sale and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November __8__, 2019
         Central Islip, New York